⊛AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
District of Massachusetts

UNITED STATES OF AMERICA
**V.**

**SEAN BUCCI**

## JUDGMENT IN A CRIMINAL CASE

Case Number: **1:  03  CR  10220    -  001  - MEL**

USM Number: 24784-039

Stylianus Sinnis
Defendant's Attorney

☑ Additional documents attached

☐

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)    1ss,2ss,4ss thru 17ss
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:    Additional Counts - See continuation page ☑

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC § 846 and 841 (a)(1)and (b)(1)(A)(vii | Conspiracy to Possess with Intent to Distribute at least 1,000 Kilograms of Marijuana | 06/04/03 | 1ss |
| 21 USC § 841(a)(1)and (b)(1)(B)(vii) and 18 USC § 2 | Possession with Intent to Distribute at least 100 Kilograms of Marijuana and Aiding and Abetting | 06/04/03 | 2ss |

The defendant is sentenced as provided in pages 2 through ___12___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

07/11/07
Date of Imposition of Judgment

_[signature]_
Signature of Judge

The Honorable Morris E. Lasker

Senior Judge, U.S. District Court
Name and Title of Judge

7/26/07
Date

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1A - D. Massachusetts - 10/05

Judgment—Page   2   of   12

DEFENDANT:  **SEAN BUCCI**
CASE NUMBER: **1: 03 CR 10220   - 001 - MEL**

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1956(h) | Conspiracy to Commit Money Laundering | 06/03/07 | 4ss |
| 18 USC § 1975 | Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 07/28/00 | 5ss |
| 18 USC § 1975 | Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 07/22/02 | 6ss |
| 31 USC § 5324(a)(3) &5322(b) and | Structuring Currency Transactions and | 06/03/03 | 7ss thru |
| 18 USC § 2 | Aiding and Abetting | | 13ss |
| 26 USC § 7201 | Tax Evasion | 04/15/03 | 14ss thru 17ss |

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

DEFENDANT:     **SEAN BUCCI**
CASE NUMBER: **1: 03  CR  10220    - 001 - MEL**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:          151          month(s)

This term consists of 151 months on Counts 1ss,2ss and 4ss; 151 months on Counts 5ss through 13ss and 60
months on Counts 14ss through 17ss;all such counts to be served concurrently.
The defendant is credited with time served.

☑ The court makes the following recommendations to the Bureau of Prisons:

The defendant participate in the Bureau of Prisons' 500-Hour Residential Drug Abuse Program.
The defendant participate in mental health treatment, if available at the designated Bureau of Prisons facility

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m.   ☐ p.m.   on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 3 - D. Massachusetts - 10/05

Judgment—Page    4    of    12

DEFENDANT:     **SEAN BUCCI**                                   ✚
CASE NUMBER: **1: 03 CR 10220   - 001 - MEL**

## SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     5    year(s)

This term consists of terms of 5 years on Counts 1ss and 2ss and terms of 3 years on Counts 4ss through 17ss.all
such terms to run concurrently.                                                                          ✚

        The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the
custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled
substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests
thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
     future substance abuse. (Check, if applicable.)

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a
     student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

        If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the
Schedule of Payments sheet of this judgment.

        The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions
on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of
     each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other
     acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any
     controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a
     felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any
     contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the
     permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal
     record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the
     defendant's compliance with such notification requirement.

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT:     **SEAN BUCCI**                                    Judgment—Page ___5___ of ___12___

CASE NUMBER:   **1: 03 CR 10220  - 001 - MEL**

## ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office white any financial obligations remain outstanding.
The defendant is to provide the Probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the U.S. Attorney's Office.
The defendant is to meet with the Internal Revenue Service within the first 60 days of the period of supervision in order to determine the prior tax liability and is to file tax returns and pay any past or future taxes due.
The defendant is to participate in a program for substance abuse treatment as directed by the United States Probation Office, which program may include testing, not to exceed 104 drug tests per year, to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.
The defendant is not to consume any alcoholic beverages.
The defendant is to participate in a mental health treatment program as directed by the Probation Office. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.
The defendant is to participate in a gambling specific treatment program. The defendant shall be required

## Continuation of Conditions of ☐ Supervised Release ☐ Probation

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 5 - D. Massachusetts - 10/05

Judgment — Page   6   of   12

DEFENDANT:      **SEAN BUCCI**
CASE NUMBER:  **1: 03  CR  10220   - 001 - MEL**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|            | **Assessment** | **Fine** | **Restitution** |
|------------|----------------|----------|-----------------|
| **TOTALS** | $ $1,600.00    | $        | $               |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

☐ See Continuation Page

| **TOTALS** | $ $0.00 | $ $0.00 |
|------------|---------|---------|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 5A - D. Massachusetts - 10/05

DEFENDANT: **SEAN BUCCI**

CASE NUMBER: **1: 03  CR  10220   - 001  - MEL**

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Preliminary Order of Forfeiture and
Order of Forfeiture (See Attached Orders)

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
                  Sheet 6 - D. Massachusetts - 10/05

Judgment — Page ___8___ of ___12___

DEFENDANT:   **SEAN BUCCI**
CASE NUMBER: **1: 03 CR 10220 - 001 - MEL**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  [X] Lump sum payment of $ __$1,600.00__ due immediately, balance due

  [ ] not later than _____, or
  [ ] in accordance [ ] C, [ ] D, [ ] E, or [ ] F below; or

**B**  [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

**C**  [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

[ ] See Continuation Page

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[X] The defendant shall forfeit the defendant's interest in the following property to the United States:

  See Attached Orders of Forfeiture

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B   (Rev. 06/05) Criminal Judgment
Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:   **SEAN BUCCI**                                    ⊞            Judgment — Page  9  of   12
CASE NUMBER:  **1: 03  CR  10220   - 001 - MEL**
DISTRICT:        **MASSACHUSETTS**

# STATEMENT OF REASONS

**I   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A  ☐   **The court adopts the presentence investigation report without change.**

B  ☑   **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

1  ☐   **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

2  ☑   **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

The Court finds obstruction of Justise (3C1.1)doesn't apply;2-level increase for Aggravating Role(3B1.1(c))applies

3  ☐   **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4  ☐   **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C  ☐   **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A  ☐   No count of conviction carries a mandatory minimum sentence.

B  ☑   Mandatory minimum sentence imposed.

C  ☐   One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

☐   findings of fact in this case
☐   substantial assistance (18 U.S.C. § 3553(e))
☐   the statutory safety valve (18 U.S.C. § 3553(f))

**III   COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:          34
Criminal History Category:   1
Imprisonment Range:     151     to   188      months
Supervised Release Range:    5        to    5        years
Fine Range: $  17,500      to  $   10,000,000
☑   Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA)   (Rev. 06/05) Criminal Judgment
Attachment (Page 2) — Statement of Reasons - D. Massachusetts - 10/05

Judgment — Page  10  of    12

DEFENDANT:     **SEAN BUCCI**
CASE NUMBER: **1: 03 CR 10220   - 001  - MEL**
DISTRICT:          **MASSACHUSETTS**

## STATEMENT OF REASONS

**IV    ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

   A   ☐   The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

   B   ☑   The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
            (Use Section VIII if necessary.)
               The low end complies with 18:sec3553(a)

   C   ☐   The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
            (Also complete Section V.)

   D   ☐   The court imposed a sentence outside the advisory sentencing guideline system.  (Also complete Section VI.)

**V     DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

   A   **The sentence imposed departs** (Check only one.):
        ☐  below the advisory guideline range
        ☐  above the advisory guideline range

   B   **Departure based on** (Check all that apply.):

        1        **Plea Agreement** (Check all that apply and check reason(s) below.):
                 ☐    5K1.1 plea agreement based on the defendant's substantial assistance
                 ☐    5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
                 ☐    binding plea agreement for departure accepted by the court
                 ☐    plea agreement for departure, which the court finds to be reasonable
                 ☐    plea agreement that states that the government will not oppose a defense departure motion.

        2        **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
                 ☐    5K1.1 government motion based on the defendant's substantial assistance
                 ☐    5K3.1 government motion based on Early Disposition or "Fast-track" program
                 ☐    government motion for departure
                 ☐    defense motion for departure to which the government did not object
                 ☐    defense motion for departure to which the government objected

        3        **Other**
                 ☐    Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

   C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

☐  4A1.3   Criminal History Inadequacy
☐  5H1.1   Age
☐  5H1.2   Education and Vocational Skills
☐  5H1.3   Mental and Emotional Condition
☐  5H1.4   Physical Condition
☐  5H1.5   Employment Record
☐  5H1.6   Family Ties and Responsibilities
☐  5H1.11  Military Record, Charitable Service, Good Works
☐  5K2.0   Aggravating or Mitigating Circumstances

☐  5K2.1   Death
☐  5K2.2   Physical Injury
☐  5K2.3   Extreme Psychological Injury
☐  5K2.4   Abduction or Unlawful Restraint
☐  5K2.5   Property Damage or Loss
☐  5K2.6   Weapon or Dangerous Weapon
☐  5K2.7   Disruption of Government Function
☐  5K2.8   Extreme Conduct
☐  5K2.9   Criminal Purpose
☐  5K2.10  Victim's Conduct

☐  5K2.11  Lesser Harm
☐  5K2.12  Coercion and Duress
☐  5K2.13  Diminished Capacity
☐  5K2.14  Public Welfare
☐  5K2.16  Voluntary Disclosure of Offense
☐  5K2.17  High-Capacity, Semiautomatic Weapon
☐  5K2.18  Violent Street Gang
☐  5K2.20  Aberrant Behavior
☐  5K2.21  Dismissed and Uncharged Conduct
☐  5K2.22  Age or Health of Sex Offenders
☐  5K2.23  Discharged Terms of Imprisonment
☐  Other guideline basis (e.g., 2B1.1 commentary)

   D   **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

AO 245B ( 05-MA)   (Rev. 06/05) Criminal Judgment
                   Attachment (Page 3) — Statement of Reasons - D. Massachusetts 10/05

DEFENDANT:      **SEAN BUCCI**                                          Judgment — Page  11  of     12
CASE NUMBER: **1: 03  CR  10220   - 001  - MEL**
DISTRICT:            **MASSACHUSETTS**

## STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

   A   **The sentence imposed is** (Check only one.):
      ☐ below the advisory guideline range
      ☐ above the advisory guideline range

   B   **Sentence imposed pursuant to** (Check all that apply.):

      1   **Plea Agreement** (Check all that apply and check reason(s) below.):
         ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
         ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
         ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

      2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
         ☐ government motion for a sentence outside of the advisory guideline system
         ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
         ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

      3   **Other**
         ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

   C   **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

      ☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

      ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

      ☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

      ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

      ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner
(18 U.S.C. § 3553(a)(2)(D))

      ☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))

      ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

   D   **Explain the facts justifying a sentence outside the advisory guideline system.**  (UseSection VIII if necessary.)

AO 245B ( 05-MA) (Rev. 06/05) Criminal Judgment
Attachment (Page 4) --- Statement of Reasons - D. Massachusetts - 10/05

| | |
|---|---|
| DEFENDANT: | **SEAN BUCCI** |
| CASE NUMBER: | **1: 03  CR  10220  - 001 - MEL** |
| DISTRICT: | **MASSACHUSETTS** |

Judgment — Page **12** of    12

# STATEMENT OF REASONS

## VII   COURT DETERMINATIONS OF RESTITUTION

A   ☑   Restitution Not Applicable.

B   Total Amount of Restitution:  _____

C   Restitution not ordered (Check only one.):

   1   ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

   2   ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

   3   ☐   For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

   4   ☐   Restitution is not ordered for other reasons.  (Explain.)

D   ☐   Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

| | |
|---|---|
| Defendant's Soc. Sec. No.:   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 | Date of Imposition of Judgment |
| Defendant's Date of Birth:   00//00/72 | 07/11/07 |
| Defendant's Residence Address:  Plymouth County Correctional Facility | Signature of Judge |
| 26 Long Pond Rd.,Plymouth,MA 02360 | The Honorable Morris E. Lasker      Senior Judge, U.S. District Court |
| Defendant's Mailing Address: | Name and Title of Judge |
| Same | Date Signed    7/26/07 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Criminal Action No. 03-10220-MEL

```
                                    )
UNITED STATES OF AMERICA,           )
                                    )    SENTENCING EXCERPT
            Plaintiff,              )
                                    )
v.                                  )
                                    )
SEAN BUCCI                          )
                                    )
                                    )
            Defendants.             )
                                    )
```

BEFORE: The Honorable Morris E. Lasker,
Senior District Judge

John J. Moakley United States Courthouse
Courtroom No. 8
One Courthouse Way
Boston, Massachusetts 02210
Wednesday, July 11, 2007
2:10 p.m.

Marcia G. Patrisso, RPR, CRR
Official Court Reporter
John J. Moakley U.S. Courthouse
One Courthouse Way, Room 3507
Boston, Massachusetts 02210
(617) 737-8728

Mechanical Steno - Computer-Aided Transcript

1           After long and thoughtful consideration as to

2     the appropriate penalty to be imposed on the defendant

3     in this case, and based on intimate knowledge of the

4     facts of this case which has been before me in one form

5     or another for four years, and of the history of the

6     defendant, I conclude under 18 U.S.C. Section 3553(a)

7     that to reflect the seriousness of the offense, to

8     promote respect for the law and to provide just

9     punishment, and to afford adequate deterrence and

10    protect the public, a sentence at the bottom of the

11    guidelines of 151 months is appropriate.

12          Accordingly, pursuant to the Sentencing Reform

13    Act of 1984, and having considered the sentencing

14    factors enumerated in 18 United States Code Section

15    3553(a), it's the judgment of the Court that the

16    defendant, Sean Bucci, is hereby committed to the

17    custody of the Bureau of Prisons to be imprisoned for a

18    term of 151 months.  This term consists of terms of 151

19    months on Counts 1ss, 2ss and 4ss; the same on Counts

20    5ss through 13ss; and 60 months on Counts 14ss through

21    17ss, all such counts to be served concurrently.

22          I make a judicial recommendation that the

23    defendant participate in the Bureau of Prisons' 500-hour

24    residential drug abuse program; I make a judicial

25    recommendation that the defendant participate in mental

1  health treatment, if available, at the designated Bureau

2  of Prisons' facility.

3       Upon release from imprisonment, the defendant

4  shall be placed on supervised release for a term of four

5  years.  This term consists of a term of four years on

6  Counts 1ss and 2ss, and terms of three years on Counts

7  4ss through 17ss, all such terms to run concurrently.

8  Within 72 hours of release from the custody of the

9  Bureau of Prisons, the defendant shall report in person

10  to the district to which he is released.

11       No fine is imposed as it is found the defendant

12  does not have the financial ability to pay a fine.

13       While on supervised release the defendant, Mr.

14  Bucci, shall comply with the following standard

15  conditions that have been adopted by the Court which are

16  described in the guidelines:

17       You shall not commit another offense;

18       You shall refrain from any unlawful use of a

19  controlled substance and submit to one drug test within

20  15 days of release from imprisonment, or two periodic

21  drug tests thereafter, not to exceed 104 tests per year;

22       Defendant shall submit a DNA sample;

23       You are prohibited from possessing a firearm,

24  destructive device or other dangerous weapon;

25       Prohibited from incurring new credit charges,

1   opening additional lines of credit without the approval

2   of a probation officer while under financial obligations

3   remain outstanding;

4         You're to provide the probation officer with

5   requested financial information which may be shared with

6   the Financial Litigation Unit of the United States

7   Attorney's Office;

8         You're to meet with the Internal Revenue Service

9   within the first 60 days of the period of supervision in

10  order to determine the prior tax liability and to file

11  tax returns and pay any past or future taxes due;

12        You're to participate in the program for

13  substance abuse treatment as directed by the Probation

14  Office, which may include testing not to exceed 104

15  tests per year.  And you may be required to contribute

16  to the costs for such treatment on the ability -- based

17  on the ability to pay or availability of third-party

18  payment;

19        You are not to consume any alcohol alcoholic

20  beverages;

21        You are to participate in the mental health

22  treatment program as directed by the Probation Office,

23  and may be required to contribute to the cost of

24  services based on your ability to pay or the

25  availability of third-party payment;

 1          You're to participate in a gambling-specific
 2   treatment program.  You shall be required to contribute
 3   to the cost for that treatment based on the ability to
 4   pay or availability of third-party payment.  You shall
 5   not participate in any gambling activities, casino
 6   gambling, online gambling, lotteries, sports, track
 7   betting, office pools, Kino, or any other activity
 8   similar in nature, and you shall not frequent
 9   establishments whose primary purpose is gambling.

10          It is further and finally ordered that you pay
11   to the United States a special assessment of $1,600,
12   which shall be due immediately.

13          Mr. Bucci, I wish to advise you that you have
14   the right to appeal your conviction and your sentence.
15   In particular, I'm aware of the fact that I decided a
16   motion to suppress against you, and that is the grounds
17   for appeal, and there may be other grounds for appeal as
18   well.  I'm certain that Mr. Sinnis and your other
19   counsel will arrange for you to file a notice of appeal.

20          I want to apologize, in a sense, for having to
21   read all the gobbledygook-gook that I had to read you,
22   but that's legally required.  It might indicate that I
23   don't care.  I do care.  I don't think you're as bad as
24   Mr. Levett thinks you are, I don't think you're as good
25   as an angel.  I think you're a human being who made a

1    bad mistake and got other people into bad mistakes.
2    Your own progress from being a small marijuana user to a
3    big dealer should indicate that even marijuana can make
4    people go astray and cause terrible harm.

5          I, myself, don't believe in sentences as long as
6    I imposed today, but I couldn't in my conscious as a
7    judge find reason that I should go below the guidelines;
8    and accordingly, I've sentenced you to the bottom of the
9    guidelines.  I hope everything goes better for you in
10   the future, and I thank your friends and relatives for
11   being here to support you.

12          THE DEFENDANT:  Thank you.

13          MR. LEVITT:  Your Honor?

14          THE COURT:  Yes.

15          MR. LEVITT:  Could I just ask that you include
16   in the oral pronouncement of the sentence the forfeiture
17   issue, I guess just simply stating that the defendant is
18   subject to forfeiture as found by the jury and the
19   Court's order.  I think it's required.

20          THE COURT:  I'm not sure I heard.  What's
21   required?

22          MR. LEVITT:  I'm sorry.  That the Court include
23   in its pronouncement of the sentence the forfeiture.

24          THE COURT:  Oh.  If you'd suggest the wording, I
25   will.

1         MR. LEVITT:  Simply that the defendant -- the

2    Court has issued orders of forfeiture consistent with

3    the jury verdict, and that's part of the sentence as

4    well.

5         THE COURT:  I do so at this time.  And I've

6    signed these orders; I can't understand why it's

7    necessary to state it orally as well.  There doesn't

8    seem to be any dispute that there is a forfeiture here.

9    There may be a dispute as to whether family members are

10   innocent owners or not.

11        MR. SINNIS:  As a formal matter, your Honor, we

12   would obviously object to the sentence.

13        THE COURT:  Yes.

14        MR. SINNIS:  And we will be filing a notice of

15   appeal.  Thank you.

16        THE COURT:  I understand.

17        MR. LEVITT:  And, your Honor, the government

18   also, for the same reason, objects to the failure to

19   give the obstruction enhancement and the firearm

20   enhancement.

21        And perhaps to clarify, presuming there's an

22   appeal, I don't believe the Court issued a finding on

23   the drug weight applicable to the conspiracy period

24   2002-2003, whether that's over 1,000 kilograms which is

25   what implicates the ten-year mandatory minimum.

1          THE COURT:  I do so.

2          MR. SINNIS:  Well, your Honor, that's not what

3    Probation found.  I don't know if you're adopting the

4    PSR on that issue or not.  The PSR found there was

5    somewhere around 609 --

6          THE COURT:  No, I disagree with the PSR.  I felt

7    on the basis of my hearing of the evidence that there

8    was proof beyond a reasonable doubt that there was more

9    than a thousand kilograms.

10          MR. SINNIS:  Contributable to Mr. Bucci, your

11    Honor, or in the conspiracy as a whole?

12          THE COURT:  To the period of the indictment.

13          MR. SINNIS:  Well, the jury returned a verdict

14    on the over a thousand to the conspiracy, and Probation

15    found that Mr. Bucci was only responsible for 600 --

16    Ms. Marcy can enlighten us.

17          THE COURT:  Yes; and I disagree with Probation.

18          MR. SINNIS:  I understand.  I just want to be

19    clear.  And just note our objection to that finding as

20    well as the finding on acceptance and leadership.  Thank

21    you.

22          MS. MARCY:  I'm sorry, your Honor.  Based on

23    that finding the supervised release has to be five

24    years.  You had said four.

25          THE COURT:  I said four?

1           MS. MARCY:  Yes.

2           THE COURT:  I'm going to leave it that way.

3           MS. MARCY:  It's a five-year mandatory minimum.

4           THE COURT:  Okay.  Then I will alter that figure

5    from four to five if it's a minimum mandatory.

6           Thank you, all.

7           THE CLERK:  All rise.

8           Court is now in recess.

9           (The proceedings adjourned at 2:51 p.m.)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
            Plaintiff,         )
                               )
        v.                     )    Criminal No. 03-10220-MEL
                               )
SEAN BUCCI,                    )
            Defendant.         )

### **PRELIMINARY ORDER OF FORFEITURE**

**LASKER, D.J.,**

WHEREAS, on July 28, 2005, a federal grand jury sitting in
the District of Massachusetts returned a seventeen-count Second
Superseding Indictment charging defendant Sean Bucci (the
"Defendant") and others with the following violations:
Conspiracy to Distribute Marijuana, in violation of 21 U.S.C.
§ 846 (Count One); Possession With Intent to Distribute
Marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C.
§ 2 (Counts Two and Three)[1]; Conspiracy to Commit Money
Laundering, in violation of 18 U.S.C. § 1956(h) (Count Four);
Engaging in Monetary Transactions in Property Derived from
Specified Unlawful Activity, in violation of 18 U.S.C. § 1957
(Counts Five and Six); Structuring Currency Transactions, in
violation of 31 U.S.C. §§ 5324(a)(3) and 5322(b), and 18 U.S.C.
§ 2 (Counts Seven through Thirteen); and Tax Evasion, in
violation of 26 U.S.C. § 7201 (Counts Fourteen through
Seventeen);

---

[1]Sean Bucci was not charged in Count Three of the Second
Superseding Indictment.



WHEREAS, the Second Superseding Indictment also included four separate forfeiture allegations;

WHEREAS, the first Forfeiture Allegation sought forfeiture pursuant to 21 U.S.C. § 853 of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of any offense alleged in Counts One through Three of the Second Superseding Indictment, and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations;

WHEREAS, the Second Forfeiture Allegation sought forfeiture pursuant to 18 U.S.C. § 982(a)(1) of the following:

> (a) all right, title, and interest in any and all property involved in each offense in violation of 18 U.S.C. §§ 1956 and 1957 or conspiracy to commit such offense, for which the Defendant is convicted, and all property traceable to such property, including the following: (i) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956 or 1957, (ii) all commissions, fees and other property constituting proceeds obtained as a result of those violations, and (iii) all property used in any manner or part to commit or to facilitate the commission of those violations; and

2

(b) a sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the Defendant is convicted, and if more than one Defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense;

WHEREAS, the Third Forfeiture Allegation sought forfeiture pursuant to 31 U.S.C. § 5317 of all property, real and personal, involved in any offense alleged in Counts Seven through Thirteen of the Second Superseding Indictment, and any property traceable thereto;

WHEREAS, the Fourth Forfeiture Allegation sought forfeiture pursuant to 26 U.S.C. § 7301 and 28 U.S.C. § 2461 of any property on which, or for or in respect whereof, any tax is imposed, which shall be found in the possession or custody or within the control of any person, for the purpose of being sold or removed by him in fraud of the internal revenue laws, or with design to avoid payment of such tax, or which is removed, deposited, or concealed, with intent to defraud the United States of such tax or any part thereof, as alleged in Counts Fourteen through Seventeen of the Second Superseding Indictment;

WHEREAS, the property to be forfeited in each of the four forfeiture allegations of the Second Superseding Indictment specifically included, without limitation, the following:

3

(a)   the real property and buildings located at 23 Marshall Street, North Reading, Massachusetts, having a deed recorded at the Middlesex County Registry of Deeds, at Book 28760, Page 410;

(b)   one black 2002 Chevrolet Avalanche, bearing Vehicle Identification Number 3GNGK23G52G233472, seized from Sean Bucci;

(c)   $35,486.18 in United States currency, seized on June 6, 2003, from a Bank North Account in the name of "Sean Bucci";

(d)   $435.53 in United States currency, seized on June 6, 2003, from a Bank North Account in the name of "Catherine Bucci";

(e)   $12,187.40 in United States Currency, seized on June 6, 2003, from a Salem Five Bank Account in the name of "Sean Bucci";

(f)   all funds seized from an Ameritrade Brokerage Account in the name of "Sean Bucci"; and

(g)   one 31' 1972 Silverton Cabin Cruiser, with a white and blue hull, bearing Massachusetts boat registration number MS2576AF, hull identification number MSZMT095I202, and the name "That's Amore";

WHEREAS, the Second Superseding Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), 31 U.S.C. § 5317(c) and 28

4

U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the property described as forfeitable in the Forfeiture Allegations;

WHEREAS, on February 27, 2007, after a nine-day trial, a jury found the Defendant guilty of Counts One and Two, and Four through Seventeen of the Second Superseding Indictment;

WHEREAS, the jury also returned Special Verdicts concerning the forfeiture allegations of the Second Superseding Indictment;

WHEREAS, the jury determined that the real property and buildings located at 23 Marshall Street, North Reading, Massachusetts, having a deed recorded at the Middlesex County Registry of Deeds, at Book 28760, Page 410 (the "Real Property") was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the conspiracy to distribute marijuana charged in Count One of the Second Superseding Indictment, and that the Real Property was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the conspiracy to launder money charged in Count Four of the Second Superseding Indictment (Special Verdict 3);

WHEREAS, the jury determined that one black 2002 Chevrolet Avalanche, bearing Vehicle Identification Number 3GNGK23G52G233472, seized from Sean Bucci on June 4, 2003 (the "Avalanche") (i) was used, or intended to be used, in any manner

5

or part, to commit, or to facilitate the commission of the
conspiracy to distribute marijuana charged in Count One of the
Second Superseding Indictment, (ii) constituted, or was derived
from, proceeds the Defendant obtained from the conspiracy to
distribute marijuana charged in Count One of the Second
Superseding Indictment, and (iii) was used, or intended to be
used, in any manner or part, to commit, or to facilitate the
commission of the conspiracy to launder money charged in Count
Four of the Second Superseding Indictment (Special Verdict 4);

WHEREAS, the jury determined that $35,486.18 in United
States currency, seized on June 6, 2003, from a Bank North
Account in the name of "Sean Bucci" (the "Bank North Funds") (i)
was used, or intended to be used, in any manner or part, to
commit, or to facilitate the commission of the conspiracy to
distribute marijuana charged in Count One of the Second
Superseding Indictment, (ii) constituted, or was derived from,
proceeds the Defendant obtained from the conspiracy to distribute
marijuana charged in Count One of the Second Superseding
Indictment, and (iii) was used, or intended to be used, in any
manner or part, to commit, or to facilitate the commission of the
conspiracy to launder money charged in Count Four of the Second
Superseding Indictment (Special Verdict 5);

WHEREAS, the jury determined that $1,803.89 seized from an
Ameritrade Brokerage Account in the name of "Sean Bucci" (the

"Ameritrade Funds") was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the conspiracy to launder money charged in Count Four of the Second Superseding Indictment (Special Verdict 6);

WHEREAS, the jury determined that one 31' 1972 Silverton Cabin Cruiser, with a white and blue hull, bearing Massachusetts boat registration number MS2576AF, hull identification number MSZMT095I202, and the name "That's Amore" (the "Boat"), was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the conspiracy to launder money charged in Count Four of the Second Superseding Indictment (Special Verdict 7);

WHEREAS, based on the Defendant's conviction and the jury's Special Verdicts 3 through 7, the United States has established the requisite nexus between the Real Property, the Avalanche, the Bank North Funds, the Ameritrade Funds and the Boat (collectively, the "Forfeitable Properties"), and the offenses of which the Defendant has been convicted; and

WHEREAS, the Forfeitable Properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982, and Rule 32.2 of the Federal Rules of Criminal Procedure, and the United States now is entitled to a Preliminary Order of Forfeiture against the Forfeitable Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

7

1.    Pursuant to Rule 32.2(b)(1) of the Federal Rules of
Criminal Procedure, the Court finds based upon the conviction of
the Defendant and the jury's Special Verdicts 3 through 7, that
the government has established the requisite nexus between the
Forfeitable Properties and the offenses of which the Defendant
has been convicted.  Accordingly, all of the Defendant's
interests in the Forfeitable Properties are hereby forfeited to
the United States of America for disposition pursuant to 21
U.S.C. § 853 and 18 U.S.C. § 982.

2.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of
Criminal Procedure, the United States Marshals Service is hereby
authorized to seize the Forfeitable Properties and maintain them
in its secure custody and control.

3.    Pursuant to 21 U.S.C. § 853(n)(1), the United States
shall publish, at least once for three successive weeks in the
Boston Herald or any other newspaper of general circulation in
the district, notice of this Order and of the United States'
intent to dispose of the Forfeitable Properties in such manner as
the Attorney General may direct.

4.    Pursuant to 21 U.S.C. § 853(n), the United States shall
give, to the extent practicable, direct written notice to any
person known to have alleged an interest in the Forfeitable
Properties.

5.     Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Forfeitable Properties, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Forfeitable Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Forfeitable Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Forfeitable Properties, any additional facts supporting the petitioner's claim, and the relief sought.

6.     Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Forfeitable Properties.

7.     Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21

9

U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal

Procedure, in which all interests will be addressed.

Dated: 7/11/07

MORRIS E. LASKER
Senior United States District Judge

10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )
        v.                     )      Criminal No. 03-10220-MEL
                               )
SEAN BUCCI,                    )
            Defendant.         )

## **ORDER OF FORFEITURE**

**LSAKER, D.J.,**

WHEREAS, on July 28, 2005, a federal grand jury sitting in
the District of Massachusetts returned a seventeen-count Second
Superseding Indictment charging defendant Sean Bucci (the
"Defendant") and others with the following violations:
Conspiracy to Distribute Marijuana, in violation of 21 U.S.C.
§ 846 (Count One); Possession With Intent to Distribute
Marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C.
§ 2 (Counts Two and Three)[1]; Conspiracy to Commit Money
Laundering, in violation of 18 U.S.C. § 1956(h) (Count Four);
Engaging in Monetary Transactions in Property Derived from
Specified Unlawful Activity, in violation of 18 U.S.C. § 1957
(Counts Five and Six); Structuring Currency Transactions, in
violation of 31 U.S.C. §§ 5324(a)(3) and 5322(b), and 18 U.S.C.
§ 2 (Counts Seven through Thirteen); and Tax Evasion, in
violation of 26 U.S.C. § 7201 (Counts Fourteen through
Seventeen);

---

[1]Sean Bucci was not charged in Count Three of the Second
Superseding Indictment.





WHEREAS, the Second Superseding Indictment also included four separate forfeiture allegations;

WHEREAS, the first Forfeiture Allegation sought forfeiture pursuant to 21 U.S.C. § 853 of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of any offense alleged in Counts One through Three of the Second Superseding Indictment, and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations;

WHEREAS, the Second Forfeiture Allegation sought forfeiture pursuant to 18 U.S.C. § 982(a)(1) of the following:

> (a) all right, title, and interest in any and all property involved in each offense in violation of 18 U.S.C. §§ 1956 and 1957 or conspiracy to commit such offense, for which the Defendant is convicted, and all property traceable to such property, including the following: (i) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956 or 1957, (ii) all commissions, fees and other property constituting proceeds obtained as a result of those violations, and (iii) all property used in any manner or part to commit or to facilitate the commission of those violations; and

2

(b) a sum of money equal to the total amount of money
involved in each offense, or conspiracy to commit such
offense, for which the Defendant is convicted, and if
more than one Defendant is convicted of an offense, the
defendants so convicted are jointly and severally
liable for the amount involved in such offense;

WHEREAS, the Third Forfeiture Allegation sought forfeiture
pursuant to 31 U.S.C. § 5317 of all property, real and personal,
involved in any offense alleged in Counts Seven through Thirteen
of the Second Superseding Indictment, and any property traceable
thereto;

WHEREAS, the Fourth Forfeiture Allegation sought forfeiture
pursuant to 26 U.S.C. § 7301 and 28 U.S.C. § 2461 of any property
on which, or for or in respect whereof, any tax is imposed, which
shall be found in the possession or custody or within the control
of any person, for the purpose of being sold or removed by him in
fraud of the internal revenue laws, or with design to avoid
payment of such tax, or which is removed, deposited, or
concealed, with intent to defraud the United States of such tax
or any part thereof, as alleged in Counts Fourteen through
Seventeen of the Second Superseding Indictment;

WHEREAS, the property to be forfeited in each of the four
forfeiture allegations of the Second Superseding Indictment
specifically included, without limitation, the following:

3

(a)   the real property and buildings located at 23
      Marshall Street, North Reading, Massachusetts,
      having a deed recorded at the Middlesex County
      Registry of Deeds, at Book 28760, Page 410;

(b)   one black 2002 Chevrolet Avalanche, bearing
      Vehicle Identification Number 3GNGK23G52G233472,
      seized from Sean Bucci;

(c)   $35,486.18 in United States currency, seized on
      June 6, 2003, from a Bank North Account in the
      name of "Sean Bucci";

(d)   $435.53 in United States currency, seized on June
      6, 2003, from a Bank North Account in the name of
      "Catherine Bucci";

(e)   $12,187.40 in United States Currency, seized on
      June 6, 2003, from a Salem Five Bank Account in
      the name of "Sean Bucci";

(f)   all funds seized from an Ameritrade Brokerage
      Account in the name of "Sean Bucci"; and

(g)   one 31' 1972 Silverton Cabin Cruiser, with a white
      and blue hull, bearing Massachusetts boat
      registration number MS2576AF, hull identification
      number MSZMT095I202, and the name "That's Amore";

WHEREAS, the Second Superseding Indictment further provided
that, if any of the forfeitable property, as a result of any act
or omission by the Defendant (a) cannot be located upon the
exercise of due diligence; (b) has been transferred or sold to,
or deposited with a third party; (c) has been placed beyond the
jurisdiction of the Court; (d) has been substantially diminished
in value; or (e) has been commingled with other property which
cannot be subdivided without difficulty, it is the intention of
the United States, pursuant to 21 U.S.C. § 853(p), as
incorporated by 18 U.S.C. § 982(b), 31 U.S.C. § 5317(c) and 28

4

U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the property described as forfeitable in the Forfeiture Allegations;

WHEREAS, on February 27, 2007, after a nine-day trial, a jury found the Defendant guilty of Counts One and Two, and Four through Seventeen of the Second Superseding Indictment;

WHEREAS, the Jury also returned Special Verdicts concerning the forfeiture allegations of the Second Superseding Indictment;

WHEREAS, Special Verdict 1 indicated that the United States had established that the Defendant obtained, directly or indirectly, $2,000,000 in proceeds as a result of the drug crimes for which he was convicted in Counts One and Two of the Second Superseding Indictment;

WHEREAS, Special Verdict 2 indicated that the United States had established that an amount of money equal to $700,000 was involved in the conspiracy charged in Count Four of the Second Superseding Indictment, either as moneys laundered or as property that was used to facilitate the offense for which the Defendant was convicted;

WHEREAS, the United States has filed a Motion for Order of Forfeiture which would consist of a personal money judgment against the Defendant in the amount of $2,700,000 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal

5

Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.    The Defendant shall forfeit to the United States the sum of $2,700,000 in United States currency, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982.

2.    This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.    The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amounts set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4.    Pursuant to Rule 32.2(b)(3), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court, against the Defendant.

DONE AND ORDERED in Boston, Massachusetts, this __11__ day of _____, 2007.

_____
MORRIS E. LASKER
Senior United States District Judge

6