UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 03-10220-JLT

UNITED STATES OF AMERICA

v.

SEAN BUCCI

**REPORT AND RECOMMENDATION RE:
MOTION TO VACATE, SET ASIDE, AND OR CORRECT
SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255
(DOCKET ENTRY # 505)**

**August 3, 2011**

**BOWLER, U.S.M.J.**

Pending before this court is a pro se motion to vacate, set aside and or correct a sentence pursuant to 28 U.S.C. § 2255 ("section 2255") filed by petitioner Sean Bucci ("petitioner" or "Bucci"). (Docket Entry # 505). On May 9, 2011, the United States of America ("the government") filed a response to the section 2255 motion addressing the ineffective assistance of counsel claim. (Docket Entry # 515). Thereafter, the district judge referred the matter to this court for a report and recommendation.

The motion sets out three grounds for vacating the sentence on the basis that petitioner received ineffective assistance in violation of his Sixth Amendment rights. Specifically, he claims his appellate counsel failed to challenge on appeal the district judge's instruction to the jury, pursuant to Rule 24(c)(3), Fed. R. Crim. P. ("Rule 24(c)(3)"), when a dismissed juror was replaced by an alternate. (Docket Entry ## 505 & 515). Second, he claims that his appellate counsel was ineffective for failing to challenge on appeal, pursuant to Rule 23(b)(3), Fed. R. Crim. P. ("Rule 23(b)(3)"), the district judge's decision to allow a jury of 11 to deliberate. (Docket Entry # 505). Third, petitioner claims that his appellate counsel was ineffective for failing to challenge the sentence of 151 months. (Docket Entry # 505).

Petitioner requests an evidentiary hearing. Here, an evidentiary hearing is not required to resolve petitioner's claims. As discussed below, even accepting petitioner's statements of facts as true to the extent not contradicted by the record, petitioner is not entitled to relief. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (setting forth evidentiary hearing standard in section 2255 proceeding); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1983) (stating "court need not give weight to conclusory allegations"); Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989) (hearing not

2

necessary if section 2255 motion "is conclusively refuted as to the alleged facts by the files and records of the case"). Petitioner fails in his burden to establish the need for an evidentiary hearing. See United States v. McGill, 11 F.3d at 225 (recognizing the petitioner bears burden of establishing need for evidentiary hearing in section 2255 proceeding). The motion to vacate (Docket Entry # 505) is ripe for review.

## BACKGROUND[1]

On July 28, 2005, a 16 count Second Superseding Indictment issued against petitioner and two co-defendants. (Docket Entry # 505). At trial, the jury found Bucci guilty on all 16 counts of drug trafficking, money laundering and tax evasion, specifically that the charged drug trafficking conspiracy involved over 1,000 kilograms of marijuana. (Docket Entry # 494). The jury also returned a number of special forfeiture verdicts against Bucci. (Docket Entry # 515). On July 11, 2007, the district judge sentenced Bucci to 151 months in prison. (Docket Entry ## 494 & 515).

---

[1] "A habeas application must rest on a foundation of factual allegations presented under oath, either in a verified petition or supporting affidavits." United States v. LaBonte, 70 F.3d 1396, 1413 (1st Cir. 1995) (further noting that facts in unsworn memorandum "will not suffice"), reversed on other grounds, 520 U.S. 751 (1997); accord United States v. Jordan, 2000 WL 761766, *2 (D.Me. April 10, 2000).

3

Bucci appealed the conviction for drug trafficking, money laundering, tax evasion, his resulting 151 months prison sentence and the forfeiture order. (Docket Entry # 515). On appeal, Bucci was represented by a criminal appellate lawyer with over 30 years of experience. (Docket Entry # 515).

Appellate counsel filed a 72 page appellate brief (Docket Entry # 494) in which she raised a host of challenges. First, appellate counsel argued that the district judge erred in denying Bucci's discovery request based on vindictive prosecution claims and that the Second Superseding Indictment should have been dismissed for vindictive prosecution. (Docket Entry # 494). Second, appellate counsel sought the dismissal of Count Five (money laundering) as time barred. (Docket Entry # 494). Third, appellate counsel argued that the government violated Bucci's Fourth Amendment rights both by surveilling his home using a video camera and by stopping his car without probable cause. (Docket Entry # 494). Fourth, appellate counsel argued that the district judge erred by allowing the government to make a rebuttal opening statement. (Docket Entry # 494).

In addition, appellate counsel raised the following sentencing arguments on appeal: (1) the district judge violated petitioner's Sixth Amendment right to a jury trial by basing sentencing on the court's factual finding, by a preponderance of

4

the evidence, that Bucci was responsible for 2,900 kilograms of marijuana (Docket Entry # 494); (2) the district judge did not realize the extent to which he had discretion to impose a sentence below the advisory guideline range (Docket Entry # 494); (3) the district judge did not adequately consider petitioner's argument for a below guideline sentence (Docket Entry # 494); and (4) the district judge erred in instructing the jury on defining "proceeds" for forfeiture purposes. (Docket Entry # 494).

The First Circuit affirmed Bucci's convictions, sentence and the forfeiture order in all respects. (Docket Entry ## 505 & 515). The First Circuit nevertheless noted that on appeal the government conceded that Bucci's case should be remanded for resentencing based on a statement by the district judge at sentencing as to whether the district judge realized the extent of his discretion to impose a below guideline sentence. (Docket Entry # 515). The First Circuit declined to remand the case on that basis. (Docket Entry # 515).

On January 7, 2011, Bucci filed this pro se section 2255 motion asserting that his appellate counsel was ineffective. (Docket Entry # 505).

## DISCUSSION

I. Section 2255 Review

Section 2255 "provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d at 474 (citing Hill v. United States, 368 U.S. 424, 426-427 (1962)). The fourth category "includes only assignments of error that reveal 'fundamental defects' which, if uncorrected, will 'result in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" David v. United States, 134 F.3d at 474. Stated otherwise, "apart from claims of constitutional or jurisdictional nature, a cognizable section 2255 claim must reveal 'exceptional circumstances' that make the need for redress evident." Id.

Petitioner bears the burden of establishing the need for section 2255 relief. Id. Specifically, a petitioner must establish that his conviction was imposed in violation of the Constitution or the laws of the United States involving a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with rudimentary demands of fair procedure." Hill v. United States, 368 U.S. at 426-427. To obtain relief under section 2255,

6

petitioner "must clear a significantly higher hurdle than would exist of direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

II. Ineffective Assistance of Counsel Claims

The well established test of Strickland v. Washington, 466 U.S. 688 (1984), governs Sixth Amendment ineffective assistance of counsel claims. To succeed under Strickland, a petitioner must demonstrate that his attorney's performance was constitutionally deficient and concomitant prejudice. United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993) (ineffective assistance of counsel claim in section 2255 proceeding); accord Phoenix v. Matesanz, 233 F.3d 77, 81 (1st Cir. 2000) (quoting Williams v. Taylor, 529 U.S. 362, 390 (2000)). An attorney's performance is deficient where it is "so inferior as to be objectively unreasonable." United States v. McGill, 11 F.3d at 226. Moreover, "'Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" Lopez-Nieves v. United States, 917 F.2d 645, 649 (1st Cir. 1990) (quoting Strickland v. Washington, 466 U.S. at 690). Thus, under the deficient performance prong, an attorney renders ineffective assistance where he fails to "raise an important, obvious defense without any imaginable strategic or tactical reasons for omission." Prou v. United States, 199 F.3d

7

37, 48 (1st Cir. 1999) (failure of attorney to raise government's untimely filing of information seeking sentence enhancement was deficient inasmuch as the claim "was a clear winner and presenting it would have risked nothing").

Applying the Strickland standard, the First Circuit has emphasized that, "The Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of a reasonably effective assistance under circumstances then obtaining." United States v. Natenal 938, F.2d 302, 309-10 (1st Cir. 1991); accord Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993); see also United States v. McGill, 11 F.3d at 227 ("to avoid the shoals of ineffective assistance, an attorney's judgment need not necessarily be right, so long as it is reasonable"); Taveras v. United States, 230 F.Supp.2d 126, 132 (D.Mass. 2001) (observing that Sixth Amendment "guarantee[s] proficient as opposed to perfect representation"). Courts avoid defining effective assistance because a strict definition would hinder the autonomy and leeway counsel have for trial strategy and tactics. United States v. Natanel, 938 F.2d at 10.

Petitioner's first claim alleges a Sixth Amendment violation resulting from the district judge's failure to instruct the jury to begin its deliberation anew when one of the jurors was

8

dismissed and replaced by an alternate pursuant to Rule 24(c)(3). Here, petitioner argues that appellate counsel failed to raise a significant and obvious issue that was stronger than issues appellate counsel presented on direct appeal. The record shows that the district judge explained to petitioner's trial counsel that a juror, who was grieving a death in his family, would be dismissed. (Docket Entry # 515, Ex. 1). The district judge then informed petitioner's trial counsel that he would instruct the jury to begin its deliberation anew, explaining that "as far as I'm concerned that simply means to bring them up to date." (Docket Entry # 515, Ex. 1). Petitioner's trial counsel did not object or seek clarification before the jury reconvened to deliberate. Thus, when the jury was brought into the courtroom, the district judge instructed the jury to bring the alternate juror up to date and recommence deliberations. (Docket Entry # 515, Ex. 1). Petitioner's trial counsel also did not object following the district judge's instruction to the jury. (Docket Entry # 515, Ex. 1). Therefore, the government correctly submits that since petitioner's trial counsel did not object to the district judge's instruction regarding the alternate juror, any claim of error is forfeited and subject only to plain error review. See Sotirion v. United States, 617 F.3d 27, 34 (1st Cir. 2010).

In order to show plain error, a defendant must demonstrate that there is (1) error; (2) that is plain; and (3) that the error affect[s] substantial rights. Id. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings. Id. Hence, to prove that his appellate counsel was ineffective, the petitioner must demonstrate that appellate counsel's decision not to challenge on appeal an issue that would be subject only to rigorous standard of plain error review fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 688. Here, petitioner cannot and does not make this showing. Petitioner fails to demonstrate that his appellate counsel ignored issues that were "clearly stronger than issues that counsel did present." Smith v. Robbins, 528 U.S. 259, 288 (2000). The First Circuit has repeatedly held that a petitioner alleging ineffective assistance of counsel faces a "highly demanding and heavy burden." Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (citing Williams v. Taylor, 529 U.S. at 393); see also Lema v. United States, 987 F.2d at 51 ("[a] petitioner bears a very heavy burden on an ineffective assistance claim").

Furthermore, petitioner bears the burden of demonstrating both that appellate counsel's performance was constitutionally deficient and that he was prejudiced by appellate counsel's ineffective assistance. See Strickland, 466 U.S. at 688. Under Strickland's first prong, appellate counsel was not constitutionally deficient because she acted reasonably in arguing and focusing on legal issues involving vindictive prosecution, illegal search and seizure and sentencing issues. As evident from the transcript, appellate counsel raised a host of significant issues on appeal, even persuading the government to concede an issue. (Docket Entry # 494). Furthermore, as the government points out, the First Circuit's lengthy and comprehensive opinion is evidence of appellate counsel's vigorous representation. (Docket Entry # 515).

Under Strickland's second prong, the reviewing court "must consider the totality of the evidence before the judge or jury." Id. at 695. In light of the factual record, there is overwhelming evidence in this case to support the jury's evidence and dispute petitioner's allegations of prejudice.

Furthermore, petitioner fails to show that the district judge's interpretation of Rule 24(c)(3) is incorrect. Thus, petitioner cannot show that his appellate counsel's alleged errors "actually had an adverse effect on the defense" and not

11

merely that they "had some conceivable effect on the outcome of the proceeding." Strickland, 466 U.S. at 693. In short, under the circumstances, petitioner fails to demonstrate that appellate counsel was ineffective when she did not challenge on appeal the district judge's instruction to the jury.

Turning to petitioner's second claim, he alleges that appellate counsel was ineffective for failing to challenge the district judge when he allowed the jury to deliberate with 11 jurors. Rule 23(b)(3) states that, "After the jury has retired to deliberate, the court may permit a jury of 11 persons to return a verdict, even without a stipulation by the parties, if the court finds good cause to excuse a juror." See United States v. Quiroz-Cortez, 960 F.2d 418, 420-21 (5th Cir. 1992) (finding that a 45 minute deliberation with 11 jurors before an alternate was added was not prejudicial). Thus, under Rule 23(b)(3), an 11 person jury is permissible, as in this case, if the court finds good cause to excuse a juror. Petitioner states that on day nine, the jury deliberated from 8:00 a.m. to 9:50 a.m. with only 11 jurors. This factual allegation is also not supported by the record inasmuch as the relevant clerk note states that the jury assembled at 9:00 a.m. (Docket Entry # 515). Applying the Strickland standard, petitioner fails to show that appellate counsel was constitutionally deficient or that he was prejudiced by counsel's alleged ineffective assistance. Thus, petitioner's

claim that appellate counsel was ineffective does not warrant section 2255 relief.

Petitioner's third claim alleges that appellate counsel was ineffective for not objecting to the sentence on certain counts above the statutory maximum. Petitioner fails to demonstrate prejudice. There is nothing in the record to suggest that there is any probability that the outcome would have been different. Petitioner was sentenced to 151 months, which is below, not above the statutory maximum. Petitioner was subject to a maximum statutory sentence of life on conspiracy to possess with intent to distribute marijuana (Count One). Thus, petitioner fails to show that the outcome would have been different had appellate counsel challenged the district judge's sentencing on counts five through 13. Further, as to the first <u>Strickland</u> prong, appellate counsel was not deficient for ignoring this issue on appeal.

In sum, section 2255 relief is therefore not available.

CONCLUSION

Based on the foregoing reasons, this court **RECOMMENDS**[2] that the section 2255 motion (Docket Entry # 505) be **DENIED**.

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within 14 days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order.